BUCHALTER
A Professional Corporation
WILLMORE F. HOLBROW III (SBN: 169688)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com

Attorneys for Plaintiff
SPIRIT CLOTHING COMPANY

BROWNE GEORGE ROSS LLP
PETER W. ROSS (SBN: 109741)
pross@bgrfirm.com
KEITH WESLEY (SBN: 229276)
Kwesley@bgrfirm.com
RYAN Q. KEECH (SBN: 280306)
rkeech@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: 310-274-7100

Attorneys for Defendant
AROUND THE WORLD APPAREL, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SPIRIT CLOTHING COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AROUND THE WORLD APPAREL, INC.,<br><br>　　　　Defendant. | Case No. 2:18-cv-04027-JFW-MRWx<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

**Protective Order**
BN 34298880v1

## I. PURPOSES AND LIMITATIONS

The parties, through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. This Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, other discovery responses, admissions, pleadings, and any other information or material produced, given or exchanged by and among the parties and any non-parties to the above-captioned action (collectively, "Discovery Material"). The parties acknowledge and understand that this Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitled parties to file confidential information under seal. Nevertheless, the parties agree that good cause exists for this Order and that such an order is in the best interests of both parties and the Court.

## II. USE AT TRIAL

All documents designated as trial exhibits shall not be covered by the terms of this Order at the time of trial, even if they are appropriately designated Confidential or Attorneys' Eyes Only, unless the party seeking to maintain the confidentiality of documents makes a showing of good cause as to why the material should remain confidential to the Court, in advance of trial. Notwithstanding the above, the Parties will maintain as confidential, in accordance with this Order, all Confidential Material exchanged pursuant to this Order before and after trial.

## III. CONFIDENTIAL MATERIAL

"Confidential Material" shall include all Discovery Material, and all information contained therein, and other information designated as confidential, if such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

2

**Protective Order**
BN 34298880v1

would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business or personal interests of any of that party's customers or clients.

**3.1** **Scope**

The protections conferred by this Order cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees or agents, which would be in violation of this Order; provided, further, that the provisions of this paragraph are not self-executing and may not be invoked on self-help basis. A party who contends that material designated as confidential (at either level defined herein) under this Order should remain confidential shall have the burden of proving that contention in any proceeding where a confidentiality designation is at issue.

## IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

**4.1** **Basic Principles**

A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. By way of example only, Confidential Material or any information derived therefore may not be used to help form a basis to add additional parties to the lawsuit or initiate discovery therefrom. Confidential Material may be disclosed only to the categories of persons

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

3

Protective Order
BN 34298880v1

and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**4.2** **Disclosure of Confidential Information or Items**

Unless otherwise ordered by the Court or permitted in writing by the designating party, any material designated "Confidential" including copies or excerpts thereof, or analyses or reports which pertain thereto, may be available only to:

(a) Attorneys of record for the receiving party and their immediate staff ;

(b) Judges, magistrate judges, law clerks and other clerical personnel of the Court before which this action is pending;

(c) Independent experts whom the receiving party identifies to the producing party. If the producing party has any objection to the proposed independent expert, it shall notify the receiving party in writing within five (5) calendar days of such identification. The parties will attempt to resolve any difference concerning such independent experts, but if they are unable to do so, the receiving party may seek relief from the Court according to the procedure established in Local Civil Rule 37. No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue;

(d) Owners, officers and directors of the parties; and

Materials designated "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to persons identified in Sections 4.2(a) through (c), of this Order.

**4.3** **Agreement to Be Bound**

Each person permitted by the parties or their counsel to have access to designated information under the terms of this Order, shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign an "Agreement to Be Bound" (Exhibit A to this

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

4

Protective Order
BN 34298880v1

Order) indicating that he has read this Order and agrees to comply with its terms, provided, however, that partners and employees of counsel of record as well as officers and personnel of the Court, shall be exempt from the requirement to sign the Exhibit A agreement.

### 4.4 Filing Confidential Material

Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The procedure for filing Confidential Material shall be the procedure stated by the rules of this Court and the Local Rules of the United States District Court for the Central District of California.

## V. DESIGNATING PROTECTED MATERIAL

### 5.1 Governing Standards

Any information produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys' Eyes Only." A document should be designated "Confidential" when it contains confidential information that may be reviewed by a designated manager of the receiving party but must be protected against disclosure to unauthorized third parties. A document may be designated "Attorneys' Eyes Only" only when it contains pricing, supplier identifiers, information which would put the producing person or entity at a competitive disadvantage if the information became known to the receiving party.

### 5.2 Exercise of Restraint and Care in Designating Material for Protection

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or

Buchalter
A Professional Corporation
Los Angeles

1120236.2

5

Protective Order
BN 34298880v1

written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) constitute a violation of this order that exposes the designating party to sanctions.

Any information which is publicly available should not be designated as "Confidential" or "Attorneys' Eyes Only."

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

### 5.3 Manner and Timing of Designations

Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents, may designate, in writing, the things and documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1002 Fed. R. Evid.) or portions thereof which it considers confidential at the time the things and documents are produced. Such designation must be clear and unambiguous.

(a) <u>Information in documentary form:</u> in designating documents (as defined in Rule 34. Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.), the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential Material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings:</u> the witness or his or her counsel may invoke the provisions of this Order by

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

6

Protective Order
BN 34298880v1

claiming confidentiality in a timely manner and designating the level of restriction. During the deposition, parties shall be excluded only from testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel may, within ten (10) calendar days of receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential, or change the level of restriction of the transcript or any portion thereof. During the ten-day (10-day) period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Testimony that has been designated "Confidential" or "Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked according on each page, or shall be appropriately redacted.

        (c)    <u>Other tangible items:</u> the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**5.4**    <u>**Inadvertent Failures to Designate.**</u>

Any Discovery Material that may contain Confidential Material that has been inadvertently produced without identification as to its "Confidential" nature may be so designated by the party asserting confidentiality by providing written notice to the undersigned counsel for the Receiving Party identifying the Discovery Material as Confidential Information within a reasonable time following the discovery of the inadvertent failure to properly designate the material. The Producing Party shall also promptly provide the Receiving Party with appropriately designated replacement copies. The party receiving such written notice shall treat materials so designated as Confidential Information and such materials shall be subject to this Protective Order as if they had been initially so designated. Upon receipt of replacement copies, the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
1120236.2
Protective Order
BN 34298880v1

Receiving Party shall destroy the undesignated copies within ten (10) business days of receiving the designated replacement copies.

**5.5** **<u>Non-Waiver of Privilege.</u>**

A Party's inadvertent disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity. If a receiving party receives materials that appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the receiving party must refrain from examining the materials and shall immediately notify the producing party in writing that he or she possesses material that appears to be privileged. In the event of inadvertent disclosure of alleged Privileged Documents, the producing party may provide notice to the other party advising of the disclosure and requesting return of the alleged Privileged Documents. Upon receiving such notice, the receiving party shall make no further use of the alleged Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents. Within ten (10) business days of receiving such notice of inadvertent production of Privileged Documents, the receiving party shall return or destroy all documents identified by the producing party in such notice and shall expunge from any other document information or material derived from the inadvertently produced Privileged Documents. Alternatively, if there is a dispute regarding whether the documents are privileged, the designating party shall within ten (10) business days provide the receiving party information supporting the claim of privilege. Nothing herein shall prevent a party from challenging the propriety of the attorney-client privilege or attorney work

product protection designation by submitting a written challenge to the Court. In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the documents shall nevertheless be immediately returned to the producing party, and all counsel shall promptly undertake reasonable efforts to resolve the issue without court intervention. To the extent counsel cannot resolve the issue within ten (10) business days, the receiving party may bring a motion to compel production of the alleged Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents have already been produced and therefore the Privileges are waived, except in the case of repeated production, representations made by the producing party to the contrary or the known use of such documents in a manner inconsistent with a claim of privilege. Alleged Privileged Documents shall remain segregated and protected against further disclosure and use during the pendency of any dispute over the appropriateness of any privilege claim, with respect to the alleged Privileged Documents.

 The parties shall meet and confer in good faith to develop a protocol for any privilege logs.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

 If, at any time during preparation for trial, any party believes that any other party or non-party has unreasonably designated certain material as "Confidential" or "Attorneys' Eyes Only" or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to further disclosure, the objecting party may make an appropriate application to this Court in accordance with the procedures established in Local Civil Rule 37 and upon notice to all parties and to any non-party who designated the material.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

9

Protective Order
BN 34298880v1

# VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party who's Confidential Material may be affected.

# VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed, Confidential Material to any person or in circumstance not authorized under this agreement, the receiving party must immediately (a) notify, in writing, the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

# IX. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 30 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material, including material designated "Attorneys' Eyes Only," to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

10

Protective Order
BN 34298880v1

Notwithstanding this provision, the attorney of record may retain one (1) copy of any designated documents attached to any pleading filed with the Court.

The confidentiality obligations imposed by this Order shall remain in effect in perpetuity, to the extent permitted by the Court, or until the Court orders otherwise. Pursuant to Section IV above, no confidentiality obligations will apply to materials made public during the trial of this action. The parties agree to maintain as confidential any designated materials exchanged during preparation for trial but not made public.

## X. CONTINUATION OF OTHER PRIVILEGES AND PROTECTIONS

To the extent Confidential Information is disclosed, prior to the entry of the Protective Order, the parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Protective Order had been entered by the Court. This Order shall not prejudice the right of any party on non-party to oppose production of any material on the ground of attorney-client privilege, work product privilege, immunity, or any other protection provided under the law.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

DATED: October 10, 2018     BUCHALTER
                            A Professional Corporation


                            By: /s/Willmore F. Holbrow III
                            _____
                            WILLMORE F. HOLBROW III
                            Attorneys for Plaintiff

DATED: October 10, 2018     BROWNE GEORGE ROSS LLP


                            By: /s/Ryan Q. Keech
                            _____
                            RYAN Q. KEECH
                            Attorneys for Defendant

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1120236.2

11

Protective Order
BN 34298880v1

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: 10/11/2018

_____
Honorable Judge Michael R. Wilner
United States District Court Judge

BUCHALTER
A Professional Corporation
Los Angeles

1120236.2

12

**Protective Order**
BN 34298880v1